UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 07-CV-2071 (JFB)(ARL)

———————————

Erik Kesten,

Plaintiff,

versus

Eastern Savings Bank,

Defendant.

———————————

**MEMORANDUM AND ORDER**
February 9, 2009

———————————

Joseph F. Bianco, District Judge:

Plaintiff Erik Kesten ("plaintiff" or "Kesten") brings the above-captioned action against defendant Eastern Savings Bank ("defendant" or "Eastern"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 ("Federal Declaratory Act") for purposes of determining the parties' rights and liabilities with respect to a mortgage on the property located at 135 Woodhill Lane in Manhasset, New York ("the property"). Specifically, plaintiff alleges that defendant has wrongfully refused to discharge a mortgage on the property that plaintiff purchased in 2007. Plaintiff seeks an order declaring his rights as related to the property and discharging the mortgage on the property, and a damages of award of $1,000,000 plus the costs of the instant action.

Defendant now moves for an order dismissing plaintiff's complaint in its entirety for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedures 12(b)(1) and (6), respectively.[1]

---

[1] Defendant alternately seeks a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) based on lack of subject matter jurisdiction, which may be considered as a Rule 12(b)(1) motion to dismiss the complaint. *See Macpherson v. State Street Bank and Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006); *Weisman v. Internal Revenue Serv.*, 972 F. Supp. 185, 186-87 (S.D.N.Y. 1997). In the instant case, this motion to dismiss on *res judicata*/collateral estoppel grounds is not jurisdictional and, prior to the filing of an answer, is properly considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Thompson v. County of Franklin*,

Specifically, defendant argues that plaintiff's claim is precluded by the doctrines of *res judicata* and/or collateral estoppel, based upon a prior decision rendered by the Supreme Court of the State of New York, Nassau County. For the reasons set forth herein, defendant's motion to dismiss is granted on the grounds that the instant action is barred by the doctrine of *res judicata*.[2]

I. BACKGROUND

A. Facts

The following facts are taken from the Complaint ("Compl."), as well as the affidavits and exhibits attached thereto submitted by both parties in connection with the instant motion.[3]

On June 25, 2004, Richard Morano

---

15 F.3d 245, 253 (2d Cir. 1994) (*res judicata* "in no way implicates jurisdiction" and "challenges may properly be raised via motion to dismiss for failure to state a claim under Rule 12(b)(6)").

[2] As a threshold matter, the Court concludes that this lawsuit is barred by the *Rooker-Feldman* doctrine. This doctrine arises from two decisions issued by the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). Though this doctrine was once improperly equated with that of *res judicata*, *see Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996), the Supreme Court recently clarified that *Rooker-Feldman* is jurisdictional in nature, whereas *res judicata* deals with preclusion. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter. *See* Fed. Rule Civ. Proc. 8(c) (listing *res judicata* as an affirmative defense)."). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See id.* at 284. Plaintiff's requested relief invites this Court to "review and reject[]" a state court judgment and runs afoul of the jurisdictional limits set by the United States Supreme Court under the *Rooker-Feldman* doctrine. Specifically, the four requirements necessary for the application of *Rooker-Feldman* are present – namely, (1) an individual in privity with the federal court plaintiff lost in state court; (2) plaintiff is complaining of injuries caused by a state court judgment; (3) plaintiff is inviting this Court to review and reject that judgment; and (4) the state court judgment was rendered on May 1, 2007, before the district court proceedings commenced. *See Sharp v. State of N.Y., et al.*, No. 06 Civ. 5194, 2007 WL 2480428, at *5-*6 (E.D.N.Y. Aug. 28, 2007) (discussing four requirements for application of *Rooker-Feldman*). Therefore, this lawsuit is barred by *Rooker-Feldman*. In any event, in an abundance of caution, the Court has analyzed the complaint under a Rule 12(b)(6) standard and finds, in the alternative, that it should be dismissed under Rule 12(b)(6) on grounds of *res judicata* for the reasons discussed in detail below.

[3] The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider "facts alleged in the complaint, any document attached as an exhibit or incorporated by reference and matters of which judicial notice may be taken." *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 420 (S.D.N.Y. 2008) (internal citations omitted); *see Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996); *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *Brodeur v. City of New York*, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 10865, at *9 (E.D.N.Y. May 13, 2005) (court could consider "public documents of which the plaintiff has notice" on a Rule 12(b)(6) motion to dismiss).

2

("Morano" or "the seller") gave Eastern a mortgage on the subject property for the principal sum of $850,000. (Schwartz Aff. ¶ 3.) On December 19, 2006, pursuant to a Judgment of Foreclosure and Sale entered in an action pending in the Supreme Court of the State of New York, Nassau County, captioned *Eastern v. Morano, et al.*, Index No. 010684/05 (the "state action"), the property was sold to a third party bidder. (Schwartz Aff. ¶ 6, Ex. A.) Morano moved the court that same day via an Order to Show Cause for, among other forms of relief related to the subject property, a stay of the foreclosure sale, a request that the court denied. The court did, however, order a stay of the transfer of title pending a hearing of the application seeking to excuse Morano's default. (*See id.*)

Notwithstanding the decision issued on December 19, 2006, on January 24, 2007, Morano's counsel in the state action, Dustin Dente, requested a payoff statement from Eastern. (Schwartz Aff. ¶ 8, Ex. B.) On or about January 31, 2007, Kesten purchased the subject property from Morano. (Compl. ¶ 8; Guldi Aff. ¶ 6, Ex. 4.) By letter dated February 1, 2007 and upon request of Morano's counsel, Eastern agreed to provide a payoff statement with wiring instructions provided that Morano acknowledge that any such funds received by Eastern would be held without prejudice pending a further and final order in the state court action. (Schwartz Aff. ¶ 8, Ex. C; Guldi Aff., Ex. 3.) On or about February 2, 2007, Eastern received a wire transfer of funds from Dente's escrow account, unaware that Morano had executed the deed to Kesten two days prior to the transfer. (Schwartz Aff. ¶ 8.) On or about February 5, 2007, the seller's wife, Brenda Morano, moved the court, by Order to Show Cause, for an order compelling Eastern to accept the funds wired on February 2, 2007 and issue a satisfaction of mortgage and cancellation of *lis pendens*. (Schwartz Aff. ¶ 11, Ex. E.) By decision dated May 1, 2007, Justice Mahon of the Supreme Court of the State of New York, Nassau County, held that Morano's right to redemption on the subject property was extinguished as of December 19, 2006, and he therefore had no right to transfer the title to the subject property to Kesten at any time thereafter. (Schwartz Aff. ¶ 12, Ex. F.) On May 9, 2007, Kesten recorded the deed to the subject property with the Nassau County Clerk's Office. (Guldi Aff., Ex. 4.) On June 4, 2007, the winning bidder at the December 19, 2006 foreclosure sale (the "bidder") moved the Supreme Court of the State of New York, Nassau County, by Order to Show Cause, for an order declaring the purported deed transferred from Morano to Kesten void and extending the bidder's closing deadline by thirty days. (Schwartz Aff. ¶ 16, Ex. H.) Eastern cross-moved for an order declaring the bidder in default, awarding it the bidder's contract deposit and stating in a declaratory judgment whether Morano's right to redeem would be restored in the event that the bidder was found to be in default. (Schwartz Aff. ¶ 17, Ex. I.) Both motions were served upon Kesten. (Schwartz Aff. ¶¶ 16-17, Exs. H-I.) By decision issued on September 27, 2007, Justice Mahon ruled that Morano did not have the right to transfer the title to the subject property to Kesten, the bidder defaulted under the terms of sale and Eastern was entitled to an award of the bidder's contract deposit as liquidated damages. (Schwartz Aff. ¶ 18, Ex. J.) In the order, Justice Mahon specifically stated that "the purported deed from . . . Richard Morano to Erik Kesten . . . is void on the grounds that [Morano] ha[d] no right, title and interest to convey on the date he executed said deed . . .

3

."[4] (*See id.*) Justice Mahon vested the title to the subject property in Referee James J. Keefe, Esq., ordering him to schedule a new date for the sale of the property within sixty days of the order, and further provided Morano with an additional sixty day window by which he could redeem the mortgage. (*Id.*)

The bidder appealed the Order and moved to renew and reargue, an appeal which was later withdrawn. (Schwartz Aff. ¶ 20, Ex. K.) Kesten was served with the bidder's moving papers. (*Id.*) Morano did not take advantage of the sixty day window to redeem the mortgage, but rather moved the state court on February 8, 2008 for an order awarding him the contract deposit as a credit to his February 2, 2007 payment and compelling Eastern to issue a satisfaction of the mortgage. (Schwartz Aff. ¶ 21, Ex. L.) Kesten was served with the moving papers. (*Id.*) Eastern cross-moved for an order discontinuing the action with prejudice, vacating the judgment of foreclosure and sale and discharging the referee, or, alternatively, declaring that Morano had not redeemed, directing the return of the funds held in escrow by Eastern and directing that a new sale take place within thirty days. (Schwartz Aff. ¶ 22, Ex. M.) Justice Mahon denied both motions without prejudice to renewal at a later date, in a decision rendered on May 8, 2008, on the grounds that all parties had failed to address the absence of the Referee's submission regarding the sale ordered to take place within sixty days of Justice Mahon's September 27, 2007 order. (Schwartz Aff. ¶ 22; *Eastern Savings Bank, FSB v. Morano, et al.*, Index No. 010684/05 (N.Y. Sup. Ct. May 8, 2008).) Morano's motion to reargue Justice Mahon's May 8, 2008 order was denied in an opinion issued on September 29, 2008. *See Eastern Savings Bank, FSB v. Morano, et al.*, Index No. 010684/05 (N.Y. Sup. Ct. Sept. 29, 2008). To date, no parties have moved to vacate the state court's determination that the purported deed held by Kesten is null and void.

B. Procedural History

On May 21, 2007, plaintiff filed the instant action. On March 7, 2008, plaintiff filed an Order to Show Cause, requesting that the Court compel defendant to issue a satisfaction on the mortgage of the property at issue. Defendant opposed the motion on March 13, 2008. Plaintiff filed a reply in support thereof on the same date. The Court heard oral argument on March 14, 2008 and denied plaintiff's motion in an oral decision rendered from the bench. Defendant moved to dismiss the action on April 11, 2008. Plaintiff filed his opposition on June 6, 2008. Defendant replied on June 19, 2008. Defendant submitted a letter to the Court on October 13, 2008, attaching the most recent decision issued by the state court. This matter is fully submitted.

---

[4] The clear language of this Order, which is a matter of public record, directly contradicts plaintiff's position in this lawsuit that "[t]here is no dispute that Plaintiff has the title, and the deed has never been disputed or invalidated in the State Court action." (Guldi Aff. ¶ 29.) The Court further notes that while the Order also states that "[t]o the extent that [the bidder] seeks an Order directing the Clerk of the County of Nassau to cancel said deed, said relief is best addressed in a separate proceeding," that determination addresses the cancellation of the deed as filed and not the validity of the deed itself, as argued by plaintiff's counsel. (*See id.* ("[T]he State Court judge specifically refused to exercise jurisdiction or take any other action with respect to voiding or invalidating in any other manner Plaintiff's deed. The State Court justice further stated that validity of the deed should be the subject of the separate proceedings.").)

4

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). A claim that is not plausible on its face must be "supported by an allegation of some subsidiary facts to survive a motion to dismiss." *Benzman v. Whitman*, 523 F.3d 119, 129 (2d Cir. 2008). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, – U.S. – , 127 S. Ct. 1955, 1969 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

A court may dismiss a claim on *res judicata* or collateral estoppel grounds on either a motion to dismiss or a motion for summary judgment. *Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) ("the defense of *res judicata* or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment"); *see Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of claims under Rule 12(b) on grounds of *res judicata*); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992), *cert. denied*, 506 U.S. 821 (1992). In addition, the relevant facts for this motion, namely the judgment in the Supreme Court for the State of New York, Nassau County action, are public documents subject to judicial notice, and are not in dispute. *See Jacobs v. Law Offices of Leonard N. Flamm*, No. 04 Civ. 7607 (DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005) ("In cases where some of those factual allegations have been decided otherwise in previous litigation, however, a court may take judicial notice of those proceedings and find that plaintiffs are estopped from re-alleging those facts.").

## III. DISCUSSION

The doctrine of *res judicata*, otherwise known as claim preclusion, prevents parties from re-litigating issues in subsequent litigation that were or could have been litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y.C. Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). Because the prior decision at issue was rendered by a New York State court, New York's transactional analysis of *res judicata* governs, *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982), an analysis which "bars[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). This transactional approach "does not . . . permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action." *Beckford v. Citibank N.A.*, No. 00 Civ. 205, 2000 U.S. Dist. LEXIS 15549, at *10-*11 (S.D.N.Y. Oct. 24, 2000) (quoting *Henry Modell & Co. v. Minister, Elders & Deacons of Ref. Prot. Dutch Church*, 68 N.Y.2d 456, 462 n.2 (N.Y. 1986)). The doctrine applies only if "(1) the previous

action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). Finally, "[i]n determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). Furthermore, in evaluating the *res judicata* effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Plaintiff asserts that: (1) the previous action did not involve an adjudication on the merits because "Defendant's action against the sellers remains ongoing in the lower court"; (2) plaintiff was not in privity with parties to the previous action because "Defendant remains in the lower court litigating over matters which clearly do not pertain to Plaintiff"; and (3) the claims asserted in the instant action could not have been raised in the prior action because "Plaintiff was not aware of the State Court action until after it was too late." (*See* Plaintiff's Memorandum of Law, at 4.) For reasons stated *infra*, the Court finds these arguments unavailing and grants defendant's motion to dismiss in its entirety on the grounds that plaintiff's claim is barred by the doctrine of *res judicata*.

A. Adjudication on the Merits

Regarding the first prong of the *Monahan* framework, an "adjudication on the merits" has "a well settled meaning: a decision finally resolving the parties' claims, with *res judicata* effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001) (citations omitted); *accord Cotto v. Herbert*, 331 F.3d 217, 231 (2d Cir. 2003); *Witchard v. Montefiore Med. Ctr.*, No. 05 Civ. 5957, 2006 U.S. Dist. LEXIS 72811, at *16-*17 (S.D.N.Y. July 19, 2006). "A judgment is not considered final unless it disposes of all claims against all parties and ends the litigation on the merits[,] . . . leaving nothing for the court to do but execute the judgment." *Kamerling v. Massanari*, 295 F.3d 206, 213 (2d Cir. 2002) (internal quotation and citation omitted). Further, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Boguslavsky v. S. Richmond Sec., Inc.*, 225 F.3d 127, 130 (2d Cir. 2000) (quotation omitted).

Here, the Supreme Court of the State of New York, Nassau County has determined in two separate decisions related to an underlying foreclosure proceeding, issued on May 1, 2007 and September 27, 2007, respectively, that "the purported deed from . . . Richard Morano to Erik Kesten . . . is void on the grounds that [Morano] ha[d] no right, title and interest to convey on the date he executed said deed . . . ." (Schwartz Aff. ¶ 18,

Ex. J; *see also* Schwartz Aff. ¶ 12, Ex. F.) "Under New York law, it is established that a decision granting a judgment of foreclosure and sale on default constitutes a decision on the merits." *Council v. Better Homes Depot, Inc.*, 04 Civ. 5620, 2006 U.S. Dist. LEXIS 57851, at *14 (E.D.N.Y. Aug. 16, 2006); *see, e.g., Yesier v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008); *Mercado v. Playa Realty Corp.*, No. 03 Civ. 3427, 2005 U.S. Dist. LEXIS 14895, at *17 (E.D.N.Y. July 7, 2005) ("The doctrine [of *res judicata*] applies specifically to, among other matters, defenses to a foreclosure action."); *Doural v. Bank of New York*, 2005 U.S. Dist. LEXIS 6068 (E.D.N.Y. Feb. 18, 2005); *Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 114 (S.D.N.Y. 1996); *Gross v. Tannen*, 251 A.D.2d 255 (N.Y. App. Div. 1998). Plaintiff notes that the relevant foreclosure proceedings remain ongoing; however, the issues pending relate solely to Morano's right to redeem the mortgage held by Eastern. The state court has already affirmatively determined, after examining the same facts that give rise to the instant action, that Kesten's purported deed is void. Therefore, Kesten has no legal right to the property at issue regardless of the ultimate outcome of the state proceedings as they relate to that property, short of the court vacating its prior decision as to that issue. *See Council*, 2006 U.S. Dist. LEXIS 57851, at *13 (a "state judgment of foreclosure and sale continues to have preclusive effect unless and until it is vacated"); *Aetna Cas. & Sur. Co. v. Home Ins.*, 882 F. Supp. 1355, 1357 (E.D.N.Y. 1995) (same). Thus, the claim to the property that Kesten advances before this Court has already been the subject of a state court action which reached a final judgment on the merits.

### B. Privity

Under New York State law, the term "privity" includes "'those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action.'" *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (N.Y. 1970)); *see also Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("[r]es judicata may bar non-parties to earlier litigation . . . when the interests involved in the prior litigation are virtually identical to those in later litigation . . . . Federal courts have sometimes called this 'virtual representation.'"). "In order to establish privity, 'the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding.'" *Comi v. Breslin & Breslin*, 683 N.Y.S.2d 345, 349 (N.Y. App. Div. 1999) (quoting *Green v. Santa Fe Indus., Inc.*, 70 N.Y.2d 244, 253 (N.Y. 1987)). This determination "is a functional inquiry and not merely a static examination of legal status." *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 380 (S.D.N.Y. 1999), *aff'd*, 207 F.3d 105 (2d Cir. 2000).

Here, after first submitting that the decision rendered in the state action regarding the property is not a final adjudication on the merits because "[Eastern]'s action against the sellers remains ongoing in the lower court," plaintiff then argues, in direct contradiction to that assertion, that he was not in privity with Morano because "[Eastern] remains in the lower court litigating over matters which clearly do not pertain to Plaintiff[.]" Put simply, plaintiff may not have it both ways; he may not plead that ongoing state court proceedings continue to impact his rights in order to refute a "final adjudication on the merits" argument and then alternately plead

7

that those same proceedings do not affect him to refute any charge of "privity" with the parties so engaged. In any event, the Court concludes that ongoing proceedings no longer affect plaintiff's right to the subject property, but only because that right was explicitly extinguished by the above-referenced state orders. As a purported successor in interest to Morano with regards to the subject property, plaintiff was in privity with Morano for the purposes of a *res judicata* analysis, because plaintiff's interest in the property necessarily depended upon Morano's legal right to convey title. *See, e.g., Council*, 2006 U.S. Dist. LEXIS 57851, at *15 (future mortgage holder of property not represented in state foreclosure action was party in privity with mortgage holder at time of those proceedings because current holder shared interest of future holder in "preserving the value of the loan and collateral"). Therefore, though plaintiff was not a party to the state court foreclosure action, his interest "can be said to have been represented in the prior proceeding" by Morano. *Green*, 70 N.Y.2d at 253.

### C. Claims Raised in the Prior Action

The final requirement of the *Monahan* framework states that "the claims asserted in the subsequent action were, or could have been, raised in the prior action." 214 F.3d at 285. Plaintiff argues that he could not have raised the claims in the instant proceeding in the state foreclosure action because "Plaintiff was not aware of the State Court action until after it was too late" and, further, "Defendant could have just as easily moved to implead Plaintiff" but failed to do so. (Plaintiff's Memorandum of Law, at 4.) The Court finds these arguments unavailing. First, it is undisputed that plaintiff was served with the moving papers in the state foreclosure action starting with the Order to Show Cause filed on June 4, 2007 by the winning bidders from the foreclosure sale, which sought an order stating Kesten's purported title to be null and void. (*See* Schwartz Aff. ¶ 16, Ex. H.) Plaintiff was thereby on notice that the state court was adjudicating *his interest* in the subject property. He could have, upon receipt of the moving papers, chosen to raise the claim to the subject property that he now brings before this Court. He chose not do so. Second, it is immaterial to the *res judicata* analysis whether a plaintiff was not a party to the prior action because he was not impled by participating parties; the fact remains that plaintiff had the opportunity to raise his claim to the subject property in the state foreclosure action, but did not. He may not now rely upon the fact that Eastern did not implead him therein as an excuse for his failure to submit his claim; plaintiff has cited to no authorities supporting such a proposition and, indeed, the Court has found none. Therefore, the Court finds that Kesten's instant claim to the subject property could have been raised in the prior proceedings in state court, thus fulfilling the third requirement of the *Monahan res judicata* analysis. In any event, the fact that the issue was in fact raised by an individual in privity with Kesten also satisfies this requirement.

Accordingly, because plaintiff seeks to re-litigate a matter previously adjudicated on the merits in a state court proceeding, the Court finds that his claim is barred by the doctrine of *res judicata* and, therefore, the Court need not consider defendant's argument that the claim is also barred by the related doctrine of collateral estoppel.

8

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted. The Clerk of the Court is directed to enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   February 9, 2009
         Central Islip, NY

The attorney for plaintiff is George O. Guldi, 100 Mill Road, Westhampton Beach, New York, 11978. The attorney for defendant is Jerold C. Feuerstein, Kriss & Feuerstein, LLP, 360 Lexington Avenue, Suite 1300, New York, New York, 10017.